IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **INFORMATION** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19 CR 390 |
| ) | Title 7, United States Code, |
| RAUL TORRES, ) | Sections 2156(a)(1) and (b); |
| ) | Title 18, United States Code, |
| Defendant. ) | Sections 49, 1956(a)(3)(B), |
| ) | 1960(b)(1)(A), (B), and (C) |
| ) | |

**JUDGE NUGENT**

COUNT 1
(Money Laundering, 18 U.S.C. § 1956(a)(3)(B))

The United States Attorney charges:

1. From on or about November 24, 2015 to on or about December 11, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RAUL TORRES, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer and by another person at the direction and approval of a Federal official authorized to investigate and prosecute Title 18, United States Code, Section 1956 violations to be proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, and distributing and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT 2
(Money Laundering, 18 U.S.C. § 1956(a)(3)(B))

The United States Attorney further charges:

2. From on or about March 24, 2016 to on or about April 25, 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RAUL TORRES, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer and by another person at the direction and approval of a Federal official authorized to investigate and prosecute Title 18, United States Code, Section 1956 violations to be proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, and distributing and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT 3
(Money Laundering, 18 U.S.C. § 1956(a)(3)(B))

The United States Attorney further charges:

3. From on or about May 2, 2016 to on or about June 17, 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RAUL TORRES, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer and by another person at the direction and approval of a Federal

official authorized to investigate and prosecute Title 18, United States Code, Section 1956 violations to be proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, and distributing and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT 4
(Money Laundering, 18 U.S.C. § 1956(a)(3)(B))

The United States Attorney further charges:

4. On or about July 5, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RAUL TORRES, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer and by another person at the direction and approval of a Federal official authorized to investigate and prosecute Title 18, United States Code, Section 1956 violations to be proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, and distributing and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 1956(a)(3)(B).

premises he controlled on West 38th Street in Cleveland, Ohio, for the purpose of using them thereafter in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

## FORFEITURE

The United States Attorney further charges:

1. The allegations of Counts 1, 2, 3, 4, and 5, are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982. As a result of the foregoing offenses, defendant RAUL TORRES shall forfeit to the United States any and all property, real or personal, involved in such offense, or any property traceable to such property; including, but not limited to, the following:

   a. $42,605.01 seized from JP Morgan Chase Bank Account #xxxxx0987; and

   b. A money judgement in the amount of $1,037,086.00.

### SUBSTITUTE PROPERTY

In the event that any property subject to forfeiture under 18 U.S.C. 982, as a result of any act or omission of the defendant:

   a.) cannot be located upon exercise of due diligence;

   b.) has been transferred or sold to, or deposited with a third party;

   c.) has been placed beyond the jurisdiction of this Court;

   d.) has been substantially diminished in value; or,

   e.) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p) [as incorporated by 18 U.S.C. § 982(b)(1)], to seek forfeiture of any other property of the defendant(s), up to an amount equivalent to the value of the forfeitable property described above.

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
Robert F. Corts, Chief
OCDETF Unit