**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:19 CR 390** |
| | ) | |
| *Plaintiff,* | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **RAUL TORRES,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**OBJECTION TO OFFENSE CALCULATION AND**
**SENTENCING MEMORANDUM SUBMITTED**
**ON BEHALF OF RAUL TORRES**

---

Now comes Defendant, Raul Torres, by and through undersigned counsel, and hereby respectfully submits this Sentencing Memorandum, which is incorporated herein by reference. Defendant requests that this Court impose a sentence of 41 months incarceration. The requested sentence will constitute a reasonable sentence within the meaning and under the guidance of 18 U.S.C. §3553.

Respectfully submitted,


 */s/ Michael J. Goldberg*
**Michael J. Goldberg (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 W Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Telephone: (216) 696-4514
Facsimile: (216) 781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing have been filed

electronically.  Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

 */s/ Michael J. Goldberg*
**Michael J. Goldberg (0040839)**
*Attorney for Defendant*

## MEMORANDUM

### I.    STATEMENT OF CASE

On June 25, 2019, Defendant, Raul Torres, was charged by way of information with, to-wit: four counts of *Money Laundering*, in violation of 18 U.S.C. § 1956(a)(3)(B); one count of *Operating an Unlicensed Money Transmitting Business*, in violation of 18 U.S.C. § 1960; two counts of *Sponsoring and Exhibiting Animals in Animal Fighting Venture*, in violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 49(a); and, two counts of *Possessing and Training Animals for Animal Fighting Ventures*, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. 49(a).

On July 3, 2019, Defendant and the Government entered into, and filed with this Court, a Plea Agreement. The same day, Defendant entered a plea of guilty to a Bill of Information. This Court accepted Defendant's guilty plea and, thereafter, referred the matter to Pretrial Services/Probation for the preparation of a Presentence Investigation and Report (PSIR). Sentencing is currently scheduled for February 4, 2020. The offense conduct set forth in the PSIR, at ¶¶ 9–18, accurately reflects Defendant's actions and forms the factual basis of his guilty plea. However, there remains a divergence in the agreed upon offense level set forth in the Plea Agreement and that set forth in the PSIR. The Defendant respectfully requests this Court to sentence the Defendant in accordance with the Plea Agreement and based on the factors and characteristics set forth below.

3

## II. LAW AND ARGUMENT

### A. Defendant's Suggested Guideline Calculation

Under the statutory scheme set forth in 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 1960, the applicable portions of the United States Sentencing Guidelines (USSG), and with a Criminal History Category of III, Defendant submits the advisory sentencing range is 41-51 months. The calculation is as follows:

Count Group 1: *Money Laundering*, 18 U.S.C. § 1956(a)(3)(B)

| | |
|---|---|
| ***Base Offense Level***<br>USSG § 2B1.1(b)(1)(D) | **14** |
| ***Specific Offense Characteristics***<br>USSG § 2S1.1(b)(1)(A) | **+6** |
| ***Specific Offense Characteristics***<br>USSG § 2B1.2(b)(2)(B) | **+2** |

Count Group 2: *Animal Fighting Offenses*, 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 49(a)

| | |
|---|---|
| ***Base Offense Level***<br>USSG § 2E3.1 | **16** |

Count Group 3: *Operating Unlicensed Money Transmitting Service*, 18 U.S.C. § 1960

| | |
|---|---|
| ***Base Offense Level***<br>USSG § 2S1.3 | **20** |
| ***Specific Offense Characteristics***<br>USSG § 2S1.3(b)(1)(A) | **+2** |

| | |
|---|---|
| Highest Group Offense Level: | **22** |
| Increase for Multiple Count Adjustment: | **+1** |
| Acceptance of Responsibility: | **-3** |
| ***Total Offense Level:*** | **20** |

4

**Criminal History Category**                                                **III**
USSG Chapter 5, Part A

Guideline Range:                                                      **41-51 months**

Defendant specifically objects to the 3-point multiple count adjustment set forth at Paragraph 44 of the PSIR. Count grouping is determined by USSG § 3B1.2. As such, and according to the terms of subsection (d) of that Guideline provision, the offense level in this case related to money laundering (USSG § 2S1.1) and operating in unlicensed money transmission business (USSG §2S1.3) are both determined from the same loss amount of $1,037,086.00. Those counts are thus related and should be included in one group, not two groups as set forth in ¶¶ 24-44 of the PSIR.  Specifically, ¶ 44 should reflect a single offense level 22 for the groups of counts 1-4 and 5-7. The second group, counts 8 and 9, are offense level 16.

Based on the rules for determining increase for multiple count groups set forth in USSG § 3D1.4(b) one half unit is added as the grouped counts 8 and 9, total 16, are six (6) levels less serious than offense level 22. According to the above section no points are added for this grouping and multiple count calculation because there is less than 1 Combined Offense Level point.  However, since the parties agreed to a 1 level increase under this section, Defendant urges 1 level be applied.

Defendant urges this Court to adopt the calculation as set forth above and in the plea agreement. Accordingly, this Court is now charged with imposing a reasonable sentence that is no greater than necessary to serve the purposes of sentencing. For the reasons more fully set out below, it is respectfully requested that this Court sentence Defendant to a low-end Guideline sentence of 41 months.

5

### i. **The Sentencing Guidelines are merely advisory and not binding upon the Court in imposing a fair and reasonable sentence.**

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines are advisory only, not mandatory, and, that other factors set forth in 18 U.S.C. § 3553(a) must be considered in fashioning the appropriate sentence. *Id.* at 790 (finding sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determination). These factors, as set forth in 18 U.S.C. § 3553(a), include:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant;

2. The need for the sentence imposed B (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The advisory guideline range;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities;

7. The need to provide restitution to any victims of the offense. *See Booker*, 125 S. Ct. at 764.

Following the Supreme Court's finding in *Booker*, district courts have held that "fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that]

6

reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment." *United States v. Biheiri*, 356 F. Supp. 2d 589 (E. D. Va. 2005).

As stated in *Booker*, Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable. 125 S. Ct. at 766. The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence sufficient, but not greater than necessary, to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005). The United States Supreme Court reemphasized the district court's discretion in fashioning a reasonable sentence. *See United States v. Gall*, 2007 WL 4292116 (Case No. 06-7949, December 10, 2007). Additionally, the Sixth Circuit has already ruled to apply this broadly discretionary reasonableness analysis. *See United States v. Lalonde*, 2007 WL 4321998 (6th Cir. Case No. 06-4536, December 12, 2007).

Here, Defendant respectfully requests that this Court impose a sentence of 41 months incarceration. Defendant submits the requested sentence complies with law, fairly reflects the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense by requiring that he serve a sentence sufficient,

but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

### B.  Other Sentencing Considerations

Defendant submits the requested sentence of 41 months incarceration is appropriate in this matter for the following additional reasons. Defendant accepted complete personal responsibility for the offense conduct that led to this matter, and he did so at a very early stage in the case. His acceptance of responsibility has been coupled with paying an agreed forfeiture of $1,037,086.00, in addition to other forfeitures agreed to as part of the Plea Agreement.

As Defendant acknowledged in his interview with Probation (PSIR, ¶ 21), he has come to more fully understand the wrongfulness of his actions and is genuinely remorseful for engaging in conduct of this nature. Although Mr. Torres did derive income from illegally laundered funds and by illegally cashing checks, his background is otherwise that of a law-abiding individual, whose last felony conviction occurred over 20 years ago. He has achieved success in rehabilitating, renting and managing hundreds of properties in the Cleveland area. Additionally, Paragraph 83 of the PSIR lays out in detail the long-term substance abuse issues from which Defendant has suffered and which would be well addressed by the RDAP program.

While Mr. Torres has committed criminal activity as part of his business, this should not totally cancel the fact that Defendant has legitimate, marketable real estate improvement and management skills which not only have helped stabilize the real estate and neighborhoods where his properties were located but will be immediately

8

transferable to legitimate employment when he is released. Mr. Torres has also liquidated much of the real estate he acquired to pay the forfeiture. (See Copy of First Restitution Check attached hereto as **Exhibit A**.) It is not likely these homes will be as well maintained and managed as when they were in Mr. Torres' hands. In light of the foregoing, a 41-month sentence is sufficient, but not greater than necessary and complies with the purposes of sentencing set forth under 18 U.S.C. § 3553(a).

## III.  CONCLUSION

For the foregoing reasons, Defendant, Raul Torres, respectfully requests that this Court impose a sentence of 41 months incarceration, coupled with any other sanctions this Court deems appropriate and just. Defendant submits this sentence fairly reflects the seriousness of the offense, will promote respect for the law, avoids unwarranted disparities and provides just punishment for the offense by requiring that he serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

*/s/ Michael J. Goldberg*
**Michael J. Goldberg (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 W Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Telephone: (216) 696-4514
Facsimile: (216) 781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

9